United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD JOHNSON,<br><br>　　Plaintiff,<br><br>　v.<br><br>MERCK & COMPANY, INC., a corporation; McKESSON CORPORATION, a corporation; AMERISOURCEBERGEN DRUG CORPORATION, a corporation; DOES 1 to 100; PHARMACEUTICAL DEFENDANT DOES 101 to 200, and DISTRIBUTOR DOES 201 to 300, inclusive,<br><br>　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 07-00067 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS** |

**INTRODUCTION**

In this pharmaceutical products-liability case, defendant Merck & Co., Inc. moves to stay this action pending a potential transfer to a multi-district litigation proceeding. Plaintiff Stanford Johnson moves to remand this action to state court for lack of subject-matter jurisdiction due to the absence of complete diversity. This order **GRANTS** defendant's motion for a temporary stay and defers ruling on plaintiff's motion to remand.

**STATEMENT**

This is one of two motions for a stay pending transfer to an MDL proceeding currently before the Court. Although arising in different actions, the facts pertinent to the motions to stay

1  are nearly identical. Indeed, counsel for defendants and plaintiffs are the same in both actions,
2  as were the briefs submitted.

3  Defendant Merck is a pharmaceutical company that manufactured the anti-inflammatory
4  drug known commonly as VIOXX®. This products-liability case is one of a large number of
5  actions filed after Merck voluntarily withdrew the drug from the market in September 2004. On
6  February 15, 2005, an MDL panel transferred 149 actions pending at the time to the United
7  States District Court for the Eastern District of Louisiana for coordinated or consolidated
8  pretrial proceedings before the Honorable Judge Eldon E. Fallon. *In re VIOXX Products*
9  *Liability Litigation*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Conditional transfer orders have
10 since been issued for tag-along cases (Thomas Decl. ¶ 5). Approximately 2500 VIOXX®-
11 related actions have been stayed in federal district courts across the country. Of these, over 350
12 have pending motions to remand (Thomas Reply Decl. ¶ 2). Merck notified the MDL panel that
13 the above-captioned case was a potential tag-along action on January 12, 2007 (*id*. at ¶ 3). A
14 conditional transfer order issued on February 1, 2007 (*ibid*.). Merck now moves for a
15 temporary stay of this action.

16 Plaintiff Stanford Johnson was prescribed VIOXX® by his physicians, Dr. Louise Nurre
17 and Dr. M. Lewandowski. He alleges that he has suffered myocardial infarction and related
18 problems as a result of ingesting the drug (Compl. ¶ 4). Johnson commenced this action on
19 September 21, 2006, by filing a notice of adoption of the master complaint in California state
20 court. In it, he alleges claims of (1) strict liability for failure to warn; (2) negligence; (3)
21 negligence per se; (4) breach of implied warranty; (5) breach of express warranty; (6) deceit by
22 concealment; (7) negligent misrepresentation; (8) violation of California Business and
23 Professions Code Sections 17200 and 17500; and (9) violation of California Civil Code Section
24 1750. Plaintiff asks for general and punitive damages, as well as medical monitoring costs,
25 injunctive relief, and disgorgement of defendants' profits from the drug.

26 Johnson filed a motion to remand the action for lack of subject matter jurisdiction
27 because of the absence of complete diversity of parties. His motion was filed on February 1,
28 2007, but was improperly noticed for hearing. It was later renoticed for March 22, 2007, but

1  plaintiff asks that it be heard on an expedited basis in light of the pending conditional transfer
2  order. Plaintiff is a resident of California, as is defendant McKesson Corporation. Merck is
3  headquartered elsewhere, while AmerisourceBergen's citizenship is uncertain.
4      A hearing on defendant's motion to stay proceedings was held on March 8, 2007.
5  Plaintiff did not appear.

## ANALYSIS

7      The power to grant a temporary stay "is incidental to the power inherent in every court
8  to control the disposition of the causes on its docket with economy of time and effort for itself,
9  for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Plaintiff argues
10 that the Court should rule on his motion for remand before deciding to stay this action despite
11 its being filed later. Whether a motion to remand or a motion to stay should be decided first,
12 however, is "extremely sensitive to the facts of the case." *Burse v. Purdue Pharma Co.*, 2004
13 WL 1125055 at *1 (N.D. Cal. 2004). In these actions, the MDL panel correctly noted that a
14 remand motion can just as easily be presented to and decided by the transferee judge (Thomas
15 Decl. Exh. C. at 2). There are a large number of VIOXX®-related actions that have been stayed
16 by other federal district courts despite pending motions to remand (*id*. at ¶ 6). Of the actions
17 stayed, a number of the actions from California have faced the same issue raised here by
18 plaintiff: whether the distributor defendants were fraudulently joined to defeat diversity. *See,*
19 *e.g. Johnson v. Merck & Co., Inc.,* Case No. C-05-02881 (N.D. Cal. Oct. 4, 2005) (Patel, J.);
20 *Leeson v. Merck & Co., Inc.,*, Case No. C-05-02240-WBS-PAN (E.D. Cal. Jan, 27, 2006).
21     Plaintiff argues that the merits of his motion to remand should be addressed before a
22 motion to stay is granted. In view of the MDL, however, doing so would unnecessarily
23 duplicate work, and could lead to inconsistent results. Plaintiff also argues at length in his
24 memorandum in support of his motion to remand that defendant cannot show fraudulent joinder
25 here because Judge Chaney of the California VIOXX Coordinated Proceeding in California
26 Superior Court ruled that pharmaceutical distributors, such as McKesson, could be held liable
27 for failure to warn (Woodruff Decl. Exh. A). This result will likely be taken into consideration
28

3

in deciding similar motions to remand, however, to prevent inconsistent results, this should be done by the MDL panel.

It would be an inefficient use of resources to unnecessarily duplicate the efforts of the transferee judge, who will undoubtedly face most (if not all) of the same issues in dealing with the other pending remand motions. Staying the proceedings will best serve the interests of judicial economy. Moreover, granting Merck's motion for a temporary stay avoids the possibility of inconsistent rulings, which is particularly important here, because a decision to remand is not subject to appeal. 28 U.S.C. 1447(d). Finally, plaintiff has not shown that he would be unduly prejudiced by the stay. His conclusory statement regarding his deteriorating helath is insufficient. The MDL panel has already been notified of this potential tag-along action, and a conditional transfer order issued on February 1, 2007. Any delay will be minimal.

## CONCLUSION

For all the above-stated reasons, defendant's motion for a temporary stay pending the potential transfer of this action is **GRANTED**. In the interim, this order declines to rule on plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: March 8, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE